IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | | |
|---|---|---|---|
| | : | | |
| | : | CRIMINAL NO. | 08-614-1 |
| v. | : | | |
| | : | CIVIL NO. | 12-1538 |
| HABEEB MALIK | : | | |

SURRICK, J.                                                                                                         MAY   11  , 2012

**MEMORANDUM**

Presently before the Court is Petitioner Habeeb Malik pro se[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. (ECF No. 203.) For the following reasons, Petitioner's Motion will be denied.

**I. BACKGROUND**

Petitioner was indicted by a federal grand jury on sixteen counts related to his participation in a conspiracy to provide fraudulent naturalization documents for aspiring United States citizens. On July 20, 2009, Petitioner was convicted by a jury on one count of conspiracy to commit naturalization fraud, in violation of 18 U.S.C. § 371, ten counts of naturalization fraud, in violation of 18 U.S.C. §§ 1425, and four counts of filing false tax returns, in violation of 26 U.S.C. § 7601(1). **(**Judgment 1, ECF No. 151.) Petitioner's motions for a new trial and for judgment of acquittal were denied. (Mem. on Post-Trial Mots., ECF No. 145**.)** On December 8, 2009, Petitioner was sentenced to fifty months in prison to be followed by three years of supervised release, a $15,000 fine and $1,500 in special assessments. (Judgment 2-5.)

---

[1] Pro se pleadings are subject to a liberal review. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Petitioner appealed his conviction and sentence. On April 21, 2011, the Third Circuit affirmed. *United States v. Malik*, 424 F. App'x 122 (3d Cir. 2011). Petitioner did not seek certiorari in the United States Supreme Court. On May 31, 2011, Petitioner filed a "Motion to Reduce Sentence" which included ineffective assistance of counsel claims. We granted Petitioner leave to file an amended petition seeking relief under 28 U.S.C. § 2255. (ECF No. 202.) Petitioner filed a Petition pursuant to § 2255 on March 27, 2012. (Pet. & Pet'r's Mem., ECF No. 203.) The Government informed the Court on April 11, 2012 (ECF No. 205) that it incorporates its earlier response to Petitioner's motion to reduce sentence as its response to this Petition. (Gov't Resp., ECF No. 201.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is generally available "to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989).

While the court may in its discretion hold an evidentiary hearing on a Section 2255 petition, *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989), such a hearing need not be held if the "motion and the files and records conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

## III. DISCUSSION

Petitioner argues that he was denied the effective assistance of trial counsel. Petitioner claims that counsel was ineffective for: 1) failing to reach a plea bargain agreement with the Government; 2) mis-advising Petitioner of the probable outcome of his trial; 3) failing to investigate the law and facts of Petitioner's case; 4) failing to solicit letters attesting to Petitioner's good character prior to sentencing; and 5) failing to effectively cross-examine Government witness Murshed Haj.

### A. Legal Standard

To establish ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that: 1) his or her attorney's performance was deficient, and 2) the deficient performance prejudiced his or her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient representation, a defendant must show that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." *Buehl v. Vaughn*, 166 F.3d 163, 169 (3d Cir. 1999) (citing *Strickland*, 466 U.S. at 688). To establish prejudice, a defendant must show that "counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 694. Rather, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 695. Under *Strickland*, counsel is presumed to have acted within the range of "reasonable professional assistance," and the defendant bears the burden of "overcoming the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (citation omitted). While a defendant has the right to effective

assistance of counsel, courts have explained that the Constitution does not guarantee the right to a perfect trial. *See Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002) ("[T]he court is not engaging in a prophylactic exercise to guarantee each defendant a perfect trial with optimally proficient counsel, but [] to guarantee each defendant a fair trial, with constitutionally competent counsel."). "Judicial scrutiny of counsel's performance must be highly deferential" as "there are countless ways to provide effective assistance in any given case." *Strickland*, 466 U.S. at 689.

In *Thomas v. Varner*, 428 F.3d 491 (3d Cir. 2005), the Third Circuit addressed how district courts should proceed in assessing whether an attorney's performance was constitutionally deficient under the first prong of *Strickland*. In *Thomas*, the Court stated, *inter alia*, that:

> [s]imilar to instances in which a court disposes of an ineffective assistance of counsel claim by analyzing the prejudice prong without considering whether counsel's performance was deficient, it is appropriate for a court to dispose of a case in which conduct is objectively reasonable without considering counsel's strategy. . . . Put differently, no hearings as to counsel's strategy are necessary in cases in which the conduct challenged is objectively reasonable, as courts can simply reject the claims on reasonableness grounds.

*Id*. at 501, n. 10.

**B.     Failure to Reach Plea Agreement**

Petitioner alleges that counsel failed to negotiate a "reasonable deal prior to trial." (Pet'r's Mem. 2.) Yet Petitioner also says that when the Government offered him "a good deal if he cooperate[d]," he declined the offer, because he believed the Government lacked evidence against him. (*Id*.)

Counsel cannot be held responsible for failing to reach a favorable plea agreement with the Government. "[A] defendant has no right to be offered a plea." *Missouri v. Frye*, 132 S.Ct. 1399, 1410 (2012). Petitioner provides no evidence that the Government would have been

4

amenable to a "deal" that would have satisfied him. Petitioner vaguely accuses counsel of failing to negotiate such a deal. There is no constitutional right to plead guilty on favorable terms. If Petitioner wanted to plead guilty, he could have entered a plea without an agreement with the Government. He chose not to do so. Petitioner has utterly failed to demonstrate in any respect that counsel's performance fell below what would have reasonably been expected of a competent, similarly situated attorney. Accordingly, Petitioner's first claim of ineffective assistance of counsel must fail.

### C. Counsel's Advice Regarding Trial Outcome

Petitioner alleges that counsel falsely advised Petitioner that he "believed there was an excellent chance to beat the case." (Pet'r's Mem. 3.) Petitioner claims that "counsel's unrealistic position on the probable outcome of the case caused [Petitioner] to elect to go to trial." (*Id.*) This, he argues, resulted in him receiving a fifty month prison sentence.

Petitioner's claim fails for two reasons. First, Petitioner cannot show that counsel's performance was deficient. "[A]n erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." *Lafler v. Cooper*, 132 S.Ct. 1376, 1391 (2012). Petitioner claims that an assessment by counsel caused him to choose to go to trial. He does not point to a consistent, concerted, coercive campaign which might constitute deficient representation. Petitioner is a highly educated and sophisticated individual. We find it unlikely that his attorney's comment that he had a chance to prevail "caused [Petitioner] to elect to go to trial." Counsel is not accused of guaranteeing victory but of merely assessing the strength of Petitioner's defense. Counsel actively contested a number of issues prior to, during and after the trial. We have no basis upon which to conclude that counsel's comment was unreasonable, or that his conduct fell below the standard of competent representation.

Second, Petitioner cannot show that he suffered prejudice. To establish prejudice in this context, a defendant "need not prove with absolute certainty that he would have pleaded guilty, that the district court would have approved the plea arrangement, and that he therefore would have received a lesser sentence." *United States v. Day*, 969 F.2d 39, 45 n.8 (3d Cir. 1992). However, to satisfy the prejudice inquiry, the defendant "must demonstrate that, but for his . . . attorney's alleged ineffectiveness, he would have likely received a lower sentence." *United States v. Booth*, 432 F.3d 542, 547 (3d Cir. 2002).

Petitioner's advisory Sentencing Guidelines range was 57 to 71 months. Had Petitioner entered a plea of guilty, and received a three-point reduction in his offense level to 22 for "acceptance of responsibility," his advisory Guidelines range would have been 41 to 51 months. After considering the nature of the crimes, the nature of the Defendant, and the purposes of sentencing, punishment, deterrence, protection of the public and rehabilitation, Petitioner received a sentence of fifty months. This is exactly what he deserved for his criminal conduct, trial or no trial. It was a reasonable sentence. He was not punished for exercising his constitutional right to a jury trial. Plaintiff cannot demonstrate any prejudice, even if he were somehow able to show that counsel's performance was objectively unreasonable.

Petitioner's second ineffectiveness claim is without merit.

### D.     Failure to Investigate

Petitioner claims that counsel never "inquire[d] as to [Petitioner's] version of the facts." (Pet'r's Mem. 3.) This, Petitioner claims, led counsel to never evaluate "if going to trial was the correct thing to do." (*Id.*)

Petitioner offers no concrete examples of counsel's alleged failure to investigate. Counsel competently represented Petitioner in a six-day jury trial. Counsel filed motions for

6

disclosure, motions to compel production of evidence, motions to suppress evidence, and other motions. Counsel at all times demonstrated an excellent command of the law and facts of the case. Petitioner's allegations are meritless. There is no basis upon which to conclude that counsel's performance was anything less than satisfactory. Accordingly, Petitioner's third ineffectiveness claim is denied.

### E. Failure to Solicit Letters

Petitioner claims that counsel "failed to ask [Petitioner] to get any letters of character prior to sentencing." (Pet'r's Mem. 3.) Petitioner claims that this led him to fire counsel and replace him with a new attorney for sentencing. (*Id*.)

We need not determine if counsel's performance was reasonable, because Petitioner is unable to demonstrate that he suffered any prejudice. Petitioner ultimately submitted character letters to the Court. We noted in the sentencing papers that we "received strong letters of support for Defendant, and heard testimony from a number of character witnesses." (Judgment - Statement of Reasons 3, ECF No. 151.) We explicitly cited those character references when we imposed sentence. (*Id*.) There is simply no basis on which to conclude that the earlier submission of character letters would have led us to reduce Petitioner's sentence. Petitioner's fourth ineffectiveness claim is without merit.

### F. Failure to Cross-Examine Murshed Haj

Petitioner claims that counsel failed to impeach the Government's "prince witness," Murshed Haj, despite inconsistencies in his testimony. (Pet'r's Mem. 4.) The Government notes that counsel "asked approximately 120 questions" in attempting to impeach Haj. (Gov't Resp. 7.) The Government points out that counsel confronted Haj with prior inconsistent statements made to federal law enforcement agents and to the grand jury. (*Id*. at 7-9.)

Petitioner claims for example that counsel "failed to challenge [Haj] when he was lying under oath" because Haj claimed that his home country "is 'very peaceful,'" even though "[e]very educated person knows the condition in the West Bank is and has been unspeakable." (Pet'r's Mem. 4.) Haj's assessment of the conditions in his home country is of little consequence. Petitioner was convicted on the basis of compelling evidence and testimony that went to the heart of the crimes with which he was charged, not Haj's geopolitical analysis.

Most of Petitioner's allegations involve minor inconsistencies which would have had little impact on Haj's credibility. Whether Haj went to school seven days a week or not, failed a civics test or a writing test, and whether Haj's conversations took place entirely in Arabic or in English would not have changed the outcome of this trial. Indeed, Petitioner concedes that on one issue— the length of Haj's medical exam— "counsel did challenge the witness . . . but failed to convince the Court and Jury to impeach him." (*Id.*)

It is clear that counsel performed satisfactorily in cross-examining Haj. Petitioner's defense was unsuccessful not because of counsel's ineffectiveness but because of the overwhelming evidence of Petitioner's guilt. Petitioner's fifth ineffectiveness claim is without merit.

### G. Certificate of Appealability

The Third Circuit's Local Appellate Rules instruct:

> At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge shall make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge shall state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253. If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report.

Third Circuit L.A.R. 22.2. Under 28 U.S.C. § 2253, a petitioner seeking a certificate of

appealability must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Defendant has raised no viable claims. No reasonable jurist could disagree with this assessment. Therefore, a certificate of appealability will not issue.

IV. **CONCLUSION**

For the foregoing reasons, Petitioner's Motion will be denied. There is no basis upon which to hold an evidentiary hearing or to issue a certificate of appealability.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**